A04A1282. WYCHE-HINKLE v. THE STATE.

(602 SE2d 902)

BARNES, Judge.

Meonte Wyche-Hinkle was convicted in the Superior Court of DeKalb County of criminal damage to property in the second degree and aggravated assault. He was sentenced to ten years to serve on the aggravated assault and a five year concurrent sentence on the criminal damage to property. On appeal, he argues that the evidence was insufficient to support his conviction for aggravated assault, as well as the conviction for criminal damage to property in the second degree. For the following reasons, we disagree and affirm.

Viewed most favorably to the verdict, the evidence shows that Wyche-Hinkle and his girlfriend (the victim) lived in an apartment with three other individuals. One day, Wyche-Hinkle and the victim became involved in an argument regarding her pending decision to have an abortion.

The victim indicated that, contrary to Wyche-Hinkle's wishes, she had decided against having the abortion. In response to the victim's decision, he exclaimed that if she did not have an abortion, then he would stomp the baby out of her. A struggle ensued, and the police were called to the scene.

Wyche-Hinkle told the responding officer that he grabbed the victim, threw her to the floor, and started trying to kick her in the stomach. Then he pushed her into the hallway, leaving a hole in the sheetrock. He added that he ripped the victim's jeans while attempting to get her car keys and then proceeded to go outside, where he jumped on the hood of the victim's car and kicked in the windshield. The victim gave an almost verbatim account to the officer. Further, the victim also told the 911 operator that Wyche-Hinkle had kicked her.

Upon testifying at trial, the victim recanted her previous statements, instead claiming that Wyche-Hinkle had merely ripped her jeans while attempting to obtain the car keys out of her pocket. Other defense witnesses supported her testimony at trial by stating that they only saw the scuffle regarding the car keys.

1. On appeal, Wyche-Hinkle argues that none of the witnesses, including the victim, testified that he kicked or stomped the victim. The testimony of those witnesses, however, was not the only evidence offered to the jury. His own statements to the officer at the scene, as well as the victim's similar statements to the same officer and her statement to the 911 operator, were also presented for the jury's consideration.[1]

The jury is entitled to pass on the credibility of a witness when considering all of the evidence in a case. *Desaussure v. State*, 258 Ga. 790-791 (374 SE2d 726) (1989). Therefore, in this case, the jury was entitled to interpret the evidence in the manner in which it did in reaching the eventual verdict, and sufficient evidence exists to support that decision. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Next, Wyche-Hinkle argues that the State failed to prove the required amount of $500 for the charge of criminal damage to property, and therefore the evidence was insufficient to justify his conviction. Wyche-Hinkle erroneously believes that because the victim had dents in the hood of her car prior to him pounding on it, and had chosen not to fix the hood altogether, the damage *he* caused to the hood is somehow negated. Wyche-Hinkle argues that, since the victim chose to repair only the windshield he smashed, only that cost should be used in determining if the amount reached the $500 threshold. The State's expert testified that a replacement windshield, including the cost of labor, would amount to a total of $436. If Wyche-Hinkle had damaged only the windshield, this would indeed be an appropriate total. However, he also pounded a dent into the hood of the victim's car, and, according to the expert, the replacement of the hood would add an additional $822.95 to the windshield repair total, thus exceeding the required $500. The fact that the victim chose not to repair the hood does not eliminate the fact that Wyche-Hinkle damaged it. Morever, the testimony of the mechanic was sufficient to prove the value of the damage to the car. OCGA § 24-9-66. Therefore, in calculating the damage to the victim's car, all of the damage caused by Wyche-Hinkle must be considered, and whether the victim chose to fix any or all of the damage is immaterial. The expert evidence offered by the State was sufficient to support the conviction of criminal damage to property in the second degree. OCGA § 24-9-67.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

---

[1] The victim's prior inconsistent statements were admissible as substantive evidence. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982).

DECIDED AUGUST 5, 2004.

*Virginia W. Tinkler*, for appellant.
*Jeffrey H. Brickman, District Attorney, Elisabeth G. Macnamara, Assistant District Attorney*, for appellee.